**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH HARRELL,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:19-2083** |
| **v.** | : | **(JUDGE MANNION)** |
| **SGT. BARBEAU, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff, Kenneth Harrell, an inmate formerly confined at the Carbon County Correctional Facility ("CCCF"), Nesquehoning, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1). The named Defendants are the CCCF Warden Timothy Fritz, Deputy Warden Ryan Long and Sergeant Barbeau. Id.

Plaintiff alleges that from March 3-5, 2019, CCCF experienced a loss of water pressure because of a frozen water main. (Doc. 2, Statement of Claim). He maintains that this frozen water main caused CCCF to lose fresh water. Id.

---

[1] Plaintiff is currently housed in the Mahanoy State Correctional Institution, Frackville, Pennsylvania.

At 10:20 p.m. on March 3, 2019, Plaintiff refused to "lock in" to his cell for the night because of the lack of running water and because his "toilet bowl was filled with human waste, feces, and urine." Id. Plaintiff alleges that he was subsequently pepper sprayed by Defendant Barbeau and other corrections officers because of the refusal to "lock in." Id. Plaintiff claims that he "was coughing and [his] eyes were burning badly." Id. He was not been seen by medical staff or decontaminated after being pepper sprayed. Id. He claims that no bottled water was provided to him to rinse his eyes and face. According to Plaintiff, he had to "sustain [his] thirst with only a 4 oz. carton of milk each day." Id. Based on these allegations, Plaintiff alleges that Defendants violated his Eighth Amendment rights. Id. As relief, he seeks damages. Id.

On February 5, 2020, Defendants filed a motion to dismiss, in which Defendants argue that Plaintiff's action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Doc. 14).

On June 8, 2020, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013)), this Court issued an Order,

granting the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 17).

On June 24, 2020, Defendants filed a supplemental brief in support of their motion to dismiss. (Doc. 19). Although provided an opportunity to respond, Plaintiff has neither filed a response nor a motion seeking an enlargement of time do so.

Defendants' motion is ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion to dismiss.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts

to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

## III.  DISCUSSION

The PLRA unequivocally provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any ... correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004); Woodford v. Ngo, 548 U.S. 81, 84-85 (2006) (holding that the PLRA's exhaustion requirement is mandatory).  In Porter v. Nussle, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under §1997e(a) of the PLRA applies to all actions regarding prisons conditions, including Section 1983 actions and actions brought pursuant to any other federal law. "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. Accordingly, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see also Nyhuis

v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (explaining that "the PLRA amended §1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires").

"Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to §1997e's exhaustion requirement." Washington-El v. Collins, 2016 WL 5338709, at *5 (M.D. Pa. June 21, 2016), report and recommendation adopted, 2016 WL 5339733 (M.D. Pa. Sept. 22, 2016). "Instead, courts have typically required across-the-board administrative exhaustion by inmate plaintiffs who seek to pursue claims in federal court." Id.

Additionally, the PLRA strictly requires exhaustion prior to the filing of his complaint. See Ahmed v. Dragovich, 297 F.3d 201, 209, n. 9 (3d. Cir. 2002); see also Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d. Cir. 2006) (non-precedential) ("[T]here appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court").

In the instant case, Plaintiff acknowledges on the face of his complaint that CCCF has an available grievance procedure and the he failed to fully

exhaust his available administrative remedies regarding his claims. (Doc. 1 at 2). Consequently, Defendants' move to dismiss Plaintiff's complaint for Plaintiff's admitted failure to exhaust his administrative remedies as required under the PLRA. Plaintiff does not refute this. Accordingly, the Court will grant the Defendants' motion to dismiss.

## IV.  LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against the named Defendants would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## V.  CONCLUSION

For the foregoing reasons, the court will grant the Defendants' motion and Plaintiff's action will be dismissed without prejudice. Because Plaintiff's complaint is procedurally premature under 42 U.S.C. §1997e(a), the court

certifies that, any appeal taken from the Court's decision herein, will be deemed frivolous, and not taken in good faith. <u>See</u> 28 U.S.C. §1915(a)(3).


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 13, 2020**
19-2083-01